UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINA LANDERS,

        Plaintiff,

v.                            CASE No. 8:11-CV-56-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

---

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-one years old at the time of the administrative hearing and who has a high school education, has worked as

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

a fast food worker (Tr. 32-33, 53). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on February 1, 2007, due to rheumatoid arthritis (Tr. 155). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "rheumatoid arthritis, fibromyalgia, scoliosis, obesity (BMI 33), and hepatitis C virus" (Tr. 14). She concluded that, with these impairments, the plaintiff can perform a range of light work with the following restrictions (id.):

> [S]he should avoid climbing ladders/ropes/ scaffolds, crawling and kneeling. She can occasionally perform climbing stairs, stooping, crouching, and overhead work. The claimant can frequently perform handling and fingering. She should avoid temperature extremes, the use of dangerous moving machinery, and exposure to unprotected heights. The claimant can perform non-complex 1-3 step tasks.

The law judge decided that these limitations prevented the plaintiff from returning to prior employment (Tr. 19). However, despite the limitations, the law judge found, based on the testimony of a vocational expert, that there are

jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as ticket taker, marker, and routing clerk (Tr. 20). Further, the vocational expert testified, and the law judge found, that, "even with a sedentary residual functional capacity and use of a cane," there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as food and beverage order clerk, surveillance system monitor, and call out operator (Tr. 20-21). The law judge therefore ruled that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

-4-

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff attacks the law judge's decision on two grounds. First, the plaintiff contends that the residual functional capacity form relied on by the law judge was not completed by a physician or other medical expert.  For her second issue, the plaintiff asserts that the law judge erred in dismissing the plaintiff's subjective complaints of pain and fatigue.  Neither of these contentions warrants reversal.

The plaintiff's first issue is that the law judge "erred by relying on residual functional capacity statements by non-medical experts" (Doc. 19,

p. 9). The plaintiff argues that Edward Holifield, who completed the Physical Residual Functional Capacity Assessment form dated July 24, 2007 (Tr. 334-41), is neither a physician nor "an expert of any type" (Doc. 19, p. 10). This contention is frivolous.

As the Commissioner correctly notes, the record indicates that Holifield is, in fact, a physician, rather than a single decisionmaker (Doc. 20, pp. 11-12). Although "M.D." is omitted from Holifield's electronic signature on the form from July 2007, the title is included in Holifield's signature on the follow-up case analysis report from November 2007 (Tr. 374). Further, Holifield is identified as a physician in the Disability Determination and Transmittal form, completed on November 27, 2007 (Tr. 71). Accordingly, the plaintiff's statement that "neither RFC in the record was completed by a physician" is baseless (Doc. 19, p. 10).

The plaintiff's second contention is that the law judge erred in dismissing the plaintiff's subjective complaints of pain (id., p. 11). In support of this argument, the plaintiff discusses the pain and fatigue brought on by her rheumatoid arthritis and hepatitis C (id., p. 12). However, the evidence in the

-6-

record does not compel a conclusion that the law judge's credibility determination was erroneous. Adefemi v. Ashcroft, supra.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11ᵗʰ Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11ᵗʰ Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11ᵗʰ Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility

determination, and referred to the pertinent regulations and Social Security rulings (Tr. 14). She also set forth the controlling principles (Tr. 15). This demonstrates that the law judge applied the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Significantly, the law judge did not wholly discount the plaintiff's complaints of pain. The law judge discussed the plaintiff's testimony in her decision, and she specifically noted the plaintiff's complaints of aches and pain (Tr. 15). After considering the plaintiff's testimony, along with the objective medical evidence, the law judge restricted the plaintiff to light work with greater limitations than those set forth in the assessment prepared by Dr. Holifield (compare Tr. 14, 334-41). Specifically, the law judge restricted the plaintiff in the areas of overhead work, postural activities, and handling/fingering (Tr. 14). The law judge also limited the plaintiff to "1-3 step non-complex tasks ... to accommodate any concentration deficits due to pain medications" (Tr. 19).

In her credibility determination, the law judge gave a cogent explanation for declining to credit fully the plaintiff's complaints of pain. Specifically, the law judge stated (id.):

-8-

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

The claimant testified to near total incapacity, however, the undersigned concludes that this degree of limitation is not supported in the record. Overall, there are ongoing pain complaints documented in the record, but there is no sufficient objective abnormality to support disability. The treating physician, Dr. [Fidel] Arbolaez, noted difficulty walking in June and September 2007 (Exhibit 14F), and the claimant has laboratory abnormalities (Exhibit 1F) and tenderness on exams, as well as decreased range of motion of the shoulders (Exhibits 1F & 20F). The claimant has limped on occasion. However, there are only slight or no abnormalities on x-rays and imaging reports (Exhibits 1F, 21F & 23F) and there are repeated physical examination findings of otherwise full range of motion, full strength and no swelling, redness, warmth or deformity of any joint (Exhibits 7F, 11F, 20F, 24F-25F). Neurological examination has been intact (Exhibit 21F) and the claimant indicated good control of headaches when on medication (Exhibit 21F).

The undersigned gives great weight to the State agency consulting physician's [Dr. Holifield]

conclusion that the claimant can perform light work (Exhibit 10F), but adds limitations in overhead work, postural activities and handling/fingering giving some weight to the claimant's diagnosis of rheumatoid arthritis, obesity and fibromyalgia, and her fairly persistent efforts to obtain treatment for her symptoms and her allegations. In the past, the claimant has been on significant pain medications. some of which she could not tolerate, but there are no ongoing complaints of medication side effects. The limitation of 1-3 step non-complex tasks is included in the residual functional capacity to accommodate any concentration deficits due to pain medications. The evidence does not support significant standing or walking limitations, or requirement of a cane. Significant consideration has been given to the objective findings in the treatment notes of the claimant's rheumatologist regarding full strength and full range of motion in the lower extremities. The claimant has declined treatment for liver disease and the ultasounds [sic] were normal in 2008; additional limitations associated with liver disease are not indicated.

This explanation is sufficient to discount the plaintiff's complaints of disabling pain. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

The plaintiff contends that "[t]he presence of rheumatoid arthritis. a significantly painful disease, is clearly supported by the record,

with a rheumatoid factor of 600 by laboratory report upon diagnosis" (Doc. 19, p. 12).  This contention is unpersuasive.

In the first place, the rheumatoid factor was mentioned in a report dated October 19, 2006, which is more than three months before the plaintiff's alleged disability onset date.  The plaintiff subsequently received medication, including prednisone, as treatment for the condition.

Moreover, the plaintiff must show that she had functional limitations from the condition that were not included in the law judge's determination of the plaintiff's residual functional capacity.  In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)).  In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, supra.  Here, the plaintiff makes no effort to show how her rheumatoid arthritis, much less the rheumatoid factor,

creates a specific functional limitation beyond the law judge's residual functional capacity assessment.

In addition, in evaluating the plaintiff's pain, the law judge relied on and discussed the objective medical evidence, including the opinions of the treating and consultative physicians (Tr. 15-19). Specifically, the law judge gave "[s]ignificant consideration" to the treatment notes of Dr. Abdul Aziz, the plaintiff's rheumatologist, regarding the plaintiff's "full strength and full range of motion in the lower extremities" (Tr. 19). As the law judge pointed out, a report from Florida Arthritis and Rheumatism "indicated the claimant had no motor/sensory deficits; grip strength was normal; there were no strength deficits in any affected extremity or muscle group; and she was able to walk on toes and heels, and squat with difficulty" (Tr. 16). The report also stated that the plaintiff "did not require an assistive device for ambulation" (id.). Similarly, Lakeland Regional Medical Center examination records "revealed no joint abnormalities although the claimant reported tenderness to palpation" (Tr. 18). These objective medical findings are clearly inconsistent with the plaintiff's subjective complaints. Thus, the law

-12-

judge was reasonable in determining that "there is no sufficient objective abnormality to support disability" (Tr. 19).

The plaintiff also points to the prescription of methadone by her pain management doctor and her rheumatologist's suggestion of Plaquenil treatment to support her subjective complaints (Doc. 19, p. 12). However, the plaintiff fails to show how these methods of treatment establish her allegation of incapacitating pain and fatigue.

As the law judge noted, the record indicates that the plaintiff's pain was under control while she was taking medication for her rheumatoid arthritis (Tr. 16). In both January and June 2007, the plaintiff reported that she was doing better until she ran out of her medication (id.). In June 2008, the plaintiff again sought treatment for pain and indicated that she did not have any prescriptions (Tr. 17). The law judge pointed out that this trend continued in 2009 (Tr. 17-18). Because the medical evidence indicates that the plaintiff's pain is capable of being managed, it appears that her pain is not as disabling as she contends. In fact, if her pain was as debilitating as she alleges, she would have made greater efforts to obtain medication, since she

was clearly aware that she could get the medications from hospital emergency rooms even if she had no insurance.

In further support of her argument, the plaintiff asserts that the treatment offered for her hepatitis C, including the "significant side effects" associated with that treatment, corroborates her testimony of pain and fatigue (Doc. 19, p. 12). Notably, the law judge considered the plaintiff's hepatitis C and the corresponding medical records (Tr. 16). The law judge did not discount the plaintiff's hepatitis C, but rather found it to be one of the plaintiff's severe impairments (Tr. 14). Significantly, the law judge also noted that the plaintiff repeatedly declined treatment for her liver disease (Tr. 16, 19). The law judge could reasonably conclude that the plaintiff's rejection of treatment is inconsistent with allegations of disabling pain and fatigue.

Finally, the plaintiff argues that "the fact there are no neurological findings appears to be irrelevant to pain from rheumatoid arthritis, but the ALJ cites this as grounds for rejecting the Claimant's testimony" (Doc. 19, pp. 12-13). In response, the Commissioner asserts that the plaintiff's rheumatologist, Dr. Aziz, "considered the absence of motor

deficits in his opinion of Plaintiff's abilities" (Doc. 20, p. 16 n.3; see also Tr. 333).  Furthermore, the absence of neurological findings is clearly relevant to other alleged impairments, such as migraine headaches.

For these reasons, the plaintiff's argument that the law judge's credibility finding was flawed lacks merit.  The law judge properly applied the Eleventh Circuit pain standard, and, based on that standard, made a reasonable decision to reject the plaintiff's subjective testimony to the extent it was inconsistent with the finding of the plaintiff's residual functional capacity.  Accordingly, this court is not authorized to overturn that decision.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**.  The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this __6th__ day of January, 2012.

Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-15-